# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | No. 88 C 630 |
| ) | |
| -vs- ) | |
| ) | JUDGE GEORGE W. LINDBERG |
| MANVILLE SALES CORPORATION, ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This case was initially brought by plaintiff, the United States of America ("United States") in 1988. The original complaint alleged claims against defendant Manville Sales Corporation, now known as Johns Manville ("defendant") under the Comprehensive Environmental Response, Compensation and Liability Act of 1980 ("CERCLA"). 42 U.S.C. §§ 9606, 9607. The complaint concerned an area of land owned by defendant in Waukegan, Illinois. The State of Illinois ("State") moved for leave to intervene one month after this case was originally filed, and the State's motion was granted. This case was settled, and on March 18, 1988, this court entered a consent decree. In the late 1990's, the parties negotiated to amend the original decree to address further environmental concerns. After seven years of negotiation, the parties reached an agreement on a First Amended Consent Decree ("FACD") in early 2004.

In January 2004, the FACD was lodged with this court. The FACD was thus made available for a 30-day period of public comment. After the comment period, the United States and the State filed a joint motion to enter the FACD. Fourteen days before the hearing on the motion to enter the FACD was scheduled to occur, the Illinois Dunesland Preservation Society

88 C 630

("Society") filed a motion to intervene, arguing that the FACD should not be entered. This court denied the Society's motion to intervene on December 1, 2004, and granted the motion of the United States and the State to enter the FACD on December 16, 2004. The Society filed a Motion to Set Aside Judgment and Issue Writ of Mandamus and Injunction on December 30, 2004, pursuant to Fed.R.Civ.P. 59(e), to set aside the order denying the Society's motion to intervene and the order entering the FACD. For the reasons set forth below, the Society's motion is denied.

Federal Rule of Civil Procedure 54(a) states that any order from which an appeal lies is a final judgement. See Fed. R. Civ. P 54(a). Accordingly, there are two final judgments in this case. First, there is of course the FACD. This is a final judgment which is appealable by the parties to the action. Second, there is this court's order denying the Society's motion to intervene. A denial of a motion to intervene qualifies as a judgment under Rule 54(a) because it is immediately appealable within thirty days of the district court's order. See B.H. v. Murphy, 984 F.2d 196, 199 (7th Cir. 1993). Federal Rules of Civil Procedure 59(e) and 60(b) allow for motions to alter or vacate a judgment or for relief from a judgment if the judgment is final and the movant is a party to the action. See Fed. R. Civ. P. 59(e), Fed. R. Civ. P. 60(b). Thus, a Rule 59(e) or Rule 60(b) motion can be made as to either of these two judgments, if the motion is made by a party to the judgment.

The Society does not have standing to file a Rule 59(e) or Rule 60(b) motion with respect to the FACD. The Society was denied intervention and thus is not a party to the final judgment entering the FACD. However, the Society does have standing to file a Rule 59(e) or Rule 60(b)

2

88 C 630

motion with respect to the denial of intervention because the Society was a party to the motion to intervene. The motion to intervene was in fact the Society's motion.

There are two avenues of recourse available to a party seeking relief from a final judgment in a district court: (1) a motion to alter or amend the judgment pursuant to Rule 59(e) or (2) a motion to for relief from the judgment under Rule 60(b). Substantive motions to alter or amend final judgments are motions under Rule 59(e) if they are filed within ten days of the entry of judgment. Britton v. Swift Transp. County, 127 F.3d 616, 617 (7th Cir. 1997). When a "motion to alter or amend a judgment under Rule 59(e) . . . is filed more than ten days after the entry of [final] judgment, it automatically becomes a Rule 60(b) motion." Talano v. Northwestern Med. Faculty Found., Inc., 273 F.3d 757, 762 (7th Cir. 2001).

Although the Society filed its motion to set aside the judgment pursuant to Rule 59(e), the motion was filed 21 business days after the December 1 order denying intervention. Thus, the Society's motion to set aside judgment was filed more than ten days after final judgment and automatically becomes a Rule 60(b) motion.

While both Rule 59(e) and Rule 60(b) have similar goals of permitting alteration or amendment of a final judgment, Rule 60(b) is considerably narrower. Rule 60(b) permits parties to seek relief on the grounds of mistake, inadvertance, excusable neglect, newly discovered evidence or fraud. See Fed. R. Civ. P. 60(b). Rule 60(b) requires a higher threshold of proof then does Rule 59(e). Helm v. Resolution Trust Corp., 43 F.3d 1163, 1166 (7th Cir. 1995). Rule 60(b) relief is an "extraordinary remedy and is granted only in exceptional circumstances . . . that create a substantial danger that the underlying judgment was unjust." Dickerson v. Bd. of Educ. Of Ford Hghts., 32 F.3d 1114, 1116 (7th Cir. 1994). In its motion to set aside judgment, the

88 C 630

Society does not seek relief on the grounds of mistake, inadvertance, excusable neglect, newly discovered evidence or fraud in regards to the order denying intervention. Rather, the Society alleges that the FACD should be set aside because of "manifest errors of law and fact" but does not argue such errors in denying the Society's motion to intervene. Instead, with respect to the order denying intervention, the Society repeats many of the same arguments it made previously and asks this court to review these contentions again. A Rule 60(b) motion does not allow a party to undo its own procedural failures. See Moro v. Shell Oil Co., 91 F.3d 872, 876 (7th Cir. 1996). While the Society may have neglected to raise certain arguments in the motion to intervene, these neglected arguments do not constitute newly discovered evidence. Further, the Society does not allege inadvertance, excusable neglect, or fraud. Thus, the Society does not meet the high threshold required for a successful Rule 60(b) motion and the motion to set aside judgment is denied. As the Society does not have standing to make a Rule 60(b) motion with respect to the entry of the FACD, the arguments of the Society and the parties with respect to the entry of the FACD need not be considered.

Defendant asks this court to admonish the Society pursuant to Federal Rule of Civil Procedure 11 to cease the filing of "frivolous pleadings". See Fed. R. Civ. P. 11. Defendant has not met the requirements of a Rule 11 motion. Under Rule 11, a motion for sanctions must be made separately from all other motions. The motion should not be filed with the court unless within 21 days of service of the motion on the opponent, the challenged claim is not withdrawn or corrected. Defendant did not serve the motion to the Society prior to making the request and did not make it as a motion separate from all other motions. Therefore, this request for an admonition pursuant to Rule 11 will not be considered.

88 C 630

ORDERED: The Motion to Set Aside Judgment and Issue Writ of Mandamus and Injunction of the Illinois Dunesland Preservation Society [109] is denied.

ENTER:

*George W. Lindberg* (signature)

GEORGE W. LINDBERG
Senior U.S. District Judge

DATED: MAR 0 2 2005